Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 877-788-2864
abennecoff@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MASON, | Case No.: '14CV1510 JLS  JLB |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.;** |
| MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC; and ENCORE CAPITAL GROUP, INC., | **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ.** |
| Defendants. | **JURY TRIAL DEMANDED** (Unlawful Debt Collection Practices) |

## **COMPLAINT**

MARK MASON ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIDLAND FUNDING, LLC ("Defendant Midland"); MIDLAND CREDIT MANAGEMENT, INC ("Defendant MCM"); and ENCORE CAPITAL GROUP, INC. ("Defendant Encore").

# INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Ann. St. §559.55 *et seq.* ("FCCPA"), which prohibit debt collectors from unlawful debt collection practices.

# JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendants conduct business in the State of California, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Supplemental jurisdiction to all state law claims is proper pursuant to 28 U.S.C. § 1367 *et seq*.

# PARTIES

6. Plaintiff is a natural person residing in Palm Coast, Florida.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Ann. St. §559.55(2).

8. Defendant Midland is a corporation specializing in debt collection with its principal place of business located at 8875 Aero Drive, San Diego, California, 92123.

9. Defendant MCM is a corporation specializing in debt collection with

its principal place of business located at 8875 Aero Drive, San Diego, California, 92123.

10. Defendant Encore is a corporation specializing in debt collection with its principal place of business located at 8875 Aero Drive, San Diego, California, 92123.

11. Defendants are "debt collector(s)" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Ann. St. §559.55(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

12. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. At all relevant times, Defendants were acting in concert and attempting to collect an alleged Bank of America credit card debt.

14. The alleged debt arose out of transactions that were primarily for personal, family, or household purposes as Plaintiff has no business debt.

15. Between March 2014 and April 2014, Defendants' collectors, including Chris Diego, placed repeated harassing telephone calls to Plaintiff's cellular telephone seeking to collect this alleged debt.

16. Defendants' calls originated from numbers, including but not limited to, (877) 237-0512. The undersigned has confirmed that this number belongs to Defendant MCM.

17. Plaintiff received on average one to four calls per day from Defendants during this time period.

18. These calls were often placed to Plaintiff at inconvenient times, including prior to 8:00am.

19. For example, Plaintiff received calls from Defendant MCM on April 21, 2014 at 7:09am; April 22, 2014 at 7:01am; April 25, 2014 at 7:03am and 7:51am; April 27, 2014 at 7:03am and 7:59am; and April 28, 2014 at 7:04am and 7:49am. See screenshots, attached as Exhibit "A."

20. Defendant has also called Plaintiff immediately after a prior call was terminated.

21. For example, on April 27, 2014, Defendant MCM called Plaintiff at 8:58am, and eleven minutes later, called Plaintiff again at 9:09am. See screenshots, attached as Exhibit "A."

22. Defendant took the actions described herein with the intent to harass, abuse, and coerce payment from Plaintiff.

**COUNT I**
**DEFENDANTS VIOLATED § 1692d OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

23. Section 1692d of the FDCPA prohibits debt collectors from engaging in harassing, oppressive, or abusive conduct in their attempts to collect an alleged consumer debt.

24. Defendants violated § 1692d of the FDCPA when they repeatedly and continuously placed telephone calls to Plaintiff's telephone, when it called Plaintiff prior to 8:00am, and when they engaged in other harassing and abusive conduct.

## COUNT II
## DEFENDANTS VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

25. Section 1692d(5) of the FDCPA specifically enumerates repeatedly causing a telephone to right with intent to annoy, abuse, or harass as a violation.

26. Defendants violated § 1692d(5) of the FDCPA when they caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy or harass Plaintiff.

## COUNT III
## DEFENDANTS VIOLATED § 1692c(a)(1) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

27. Section 1692c(a)(1) of the FDCPA prohibits debt collectors from communicating with a consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location.

28. Defendants violated § 1692c(a)(1) when they called Plaintiff prior to 8:00am.

## COUNT IV
## DEFENDANTS VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

32. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt.

33. Defendants violated section 1692f of the FDCPA when they repeatedly and continuously placed telephone calls to Plaintiff's telephone, when it called Plaintiff prior to 8:00am, and when they engaged in other unfair or unconscionable means to collect the alleged debt.

## COUNT V
## DEFENDANTS VIOLATED §559.72(7)
## OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

34. Section 559.72(7) of the Florida Consumer Collection Practices Act ("FCCPA") prohibits any person in collecting consumer debts from willfully communicating with the debtor with such frequency as can reasonably be expected to harass the debtor or willfully engage in conduct which can be reasonably be expected to abuse the debtor.

35. Defendants violated section 559.72(7) of the FCCPA when they repeatedly and continuously placed telephone calls to Plaintiff's telephone, when it

called Plaintiff prior to 8:00am, and when they engaged in other harassing and abuse conduct.

## COUNT VI
## DEFENDANTS VIOLATED §559.72(17)
## OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

36. Section 559.72(17) of the FCCPA prohibits any person in collecting consumer debts from communicating with the debtor between the hours of 9:00pm and 8:00am in the debtor's time zone without the prior consent of the debtor.

37. Defendants violated section 559.72(17) of the FCCPA when they called Plaintiff prior to 8:00 in his time zone without his consent.

WHEREFORE, Plaintiff, MARK MASON, respectfully prays for a judgment as follows:

  a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Ann. St. §559.77(2);

  b. Statutory damages of $1,000.00 for its violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Fla. Ann. St. §559.77(2);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Fla. Ann. St. §559.77(2); and

    c. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MARK MASON, demands a jury trial in this case.

DATED:  06/23/14     KIMMEL & SILVERMAN, P.C.

By:  /s/ Amy L. Bennecoff
    Amy L. Bennecoff (275805)
    Kimmel & Silverman, P.C
    30 East Butler Pike
    Ambler, PA 19002
    Telephone: (215) 540-8888
    Facsimile: (215) 540-8817
    Email: abennecoff@creditlaw.com
    Attorney for Plaintiff